IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEVIN RAY PIRO, | |
| Petitioner, | Case No. CV 08-372-N-BLW |
| v. | **MEMORANDUM DECISION AND ORDER** |
| WARDEN LYNN GUYER, | |
| Respondent. | |

Pending before the Court in this habeas corpus matter is Respondent's Motion for Summary Judgment. (Docket No. 12.) Petitioner has filed a Response (Docket No. 15), and the Motion is now at issue.[1]

The Court finds that the parties have adequately presented the facts and legal argument in their briefing, and it will resolve this matter on the written record without oral argument. D. Idaho L. Civil R. 7.1(d). For the reasons that follow, the Court will grant Respondent's Motion, and the case shall be dismissed.

---

[1] After Respondent filed an Answer to the Petition, Petitioner submitted a Motion for Leave to File a Reply to State's Answer. (Docket No. 11.) Since then, Petitioner has filed his Response to the Motion for Summary Judgment, together with a Statement of Disputed Material Facts. Because these filings serve the same essential function as a reply (formerly a traverse), an additional pleading covering that same ground is unnecessary. To the extent that Petitioner's Motion has not been mooted by his later filings, therefore, it will be denied.

**MEMORANDUM DECISION AND ORDER - 1**

# BACKGROUND

The Idaho Court of Appeals summarized the relevant facts in this case as follows:

> Early in 2001, Piro was taken into custody for questioning regarding an attempted lewd conduct. Piro was placed in an interrogation room at the police station and questioned by two officers. After questioning Piro for approximately an hour, the officers left the room and returned with a bottle of water, a pencil, and paper. The officers left the room again so that Piro could complete a witness statement. When the officers returned to the interrogation room, they told Piro to leave the water bottle, placed him under arrest for the attempted lewd conduct, and took him to a holding cell.
>
> The officers returned to the interrogation room and collected the bottle of water from which Piro had been drinking. The officers submitted the bottle for DNA testing, and once Piro's DNA sample was obtained, it was submitted to a national database. Piro's DNA sample came back as a match with a sample taken from an unsolved rape case that was approximately one year old.

(State's Lodging D-5, pp. 1-2.)

A grand jury indicted Piro with one count of rape and one count of burglary in the previously unsolved case. (State's Lodging A-1, pp. 6-7.) The trial court denied Piro's Motion to Suppress the DNA evidence, and he was convicted on both charges after a jury trial. (State's Lodging A-1, pp. 91-92.) The trial court sentenced him to a unified life term with thirty years fixed for rape, and a consecutive term of ten years with five years fixed for burglary. (State's Lodging A-1, pp. 98-101.) Piro's Motion for Reduction of Sentence was denied. (State's

**MEMORANDUM DECISION AND ORDER - 2**

Lodging A-1, pp. 121-37.)

On appeal, Piro's appointed counsel argued, in pertinent part, that the trial court erred in denying the Motion to Suppress because "the State failed to follow the requirements set forth in I.C. § 19-625, thereby depriving [Piro] of his statutory right to have counsel present during a detention in which evidence of identifying physical characteristics is obtained." (State's Lodging B-1, pp. 6-14.) The Idaho Court of Appeals rejected that argument after finding that the statutory requirements, which governed "detention warrants," were not applicable because Piro was lawfully detained on probable cause. (State's Lodging B-4, p. 3.) The Idaho Supreme Court denied Piro's Petition for Review. (State's Lodging B-7.)

Piro next filed a Petition for Post-Conviction Relief, raising numerous claims, including ineffective assistance of trial and appellate counsel based on their alleged failure to argue the suppression issue on Fourth Amendment grounds. (State's Lodging C-1, pp. 4-99.) After an evidentiary hearing was held, the district court denied relief. (State's Lodging C-1, pp. 140-45.) The Idaho Court of Appeals affirmed that decision, and the Idaho Supreme Court declined to review the case. (State's Lodging D-5, pp. 8-10.) Piro also filed another application for post-conviction relief, which was summarily dismissed, and Piro voluntarily dismissed the appeal from the district court's order. (State's Lodging F-2.)

**MEMORANDUM DECISION AND ORDER - 3**

On September 15, 2008, Piro filed the current Petition for Writ of Habeas Corpus in this Court, claiming again that (1) he was deprived of his Sixth Amendment right to the effective assistance of counsel at trial and on direct appeal because counsel failed to argue that the DNA test should have been suppressed under the Fourth Amendment, and (2) his Fourth Amendment right to be free from unreasonable searches and seizures was violated. (Docket No. 1, pp. 1-2.)

The Court conducted an initial review of the Petition and ordered Respondent to respond. (Docket No. 5.) Respondent has done so by filing an Answer to the Petition and the pending Motion for Summary Judgment. (Docket Nos. 9, 12.) Petitioner has submitted his Response to the Motion, and the matter is now ripe for the Court's ruling.

## STANDARD OF LAW

The Rules of Civil Procedure apply to habeas corpus actions except where application of the rules would be inconsistent with established habeas practice and procedure. Rule 11 of the Rules Governing Section 2254 Cases. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment procedure is applicable to habeas proceedings, *see Blackledge v. Allison*,

431 U.S. 63, 80-81 (1977), but a motion for summary judgment must be reviewed in light of the substantive law and standards governing federal habeas proceedings.

Those standards are found in the provisions of the Anti-terrorism and Effective Death Penalty Act (AEDPA). Under AEDPA, the Court cannot grant habeas relief on any federal claim that the state court adjudicated on the merits unless the adjudication of the claim:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Section 2254(d)(1) has two clauses, each with independent meaning. For a decision to be "contrary to" clearly established federal law, the petitioner must establish that the state court applied "a rule of law different from the governing law set forth in United States Supreme Court precedent, or that the state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from the Court's precedent." *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000).

To satisfy the "unreasonable application" clause, the petitioner must show

that the state court was "unreasonable in applying the governing legal principle to the facts of the case." *Williams*, 529 U.S. at 413. A federal court cannot grant relief simply because it concludes in its independent judgment that the decision is incorrect or wrong; the state court's application of federal law must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002). The state court need not cite or even be aware of the controlling United States Supreme Court decision to be entitled to AEDPA deference. *Early v. Packer*, 537 U.S. 3, 8 (2002).

To be eligible for relief under § 2254(d)(2), the petitioner must show that the decision was based upon factual determinations that were "unreasonable in light of the evidence presented in the State court proceeding." *Id*.

Under all circumstances, state court findings of fact are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## DISCUSSION

In his first claim, Petitioner contends that his trial and appellate counsel were ineffective because they did not present the suppression issue on federal constitutional grounds, particularly under the Fourth Amendment. Despite some ambiguity in the record as to whether *trial* counsel did, in fact, frame the issue in

constitutional terms (it is clear that counsel on direct appeal did not), the Idaho Court of Appeals rejected this issue on the merits in the post-conviction matter, and Petitioner properly exhausted the claim in the Idaho Supreme Court. Therefore, the Court shall review the last reasoned state court decision, from the Idaho Court of Appeals, to assess whether Piro can show that he is entitled to habeas relief under 28 U.S.C.§ 2254(d).

The federal law governing ineffective assistance of counsel claims is derived from *Strickland v. Washington*, 466 U.S. 668 (1984). To prove a violation of the Sixth Amendment under *Strickland*, a petitioner must show both that his counsel's performance fell below an objective standard of reasonably competent assistance and that the defense was prejudiced as a result. *Id.* at 687. To show prejudice, the petitioner must establish that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694.

The *Strickland* standard applies equally to claims of ineffective assistance of counsel on direct appeal. *Smith v. Robbins*, 528 U.S. 259, 286 (2000). Appellate counsel has not unreasonably represented a criminal appellant simply because he or she failed to raise every non-frivolous issue requested by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). To prevail, the petitioner must instead

demonstrate that had counsel presented the issue on appeal, there is a reasonable probability that the appellate court would have reversed. *Robbins*, 528 U.S. at 288.

A petitioner who claims that his counsel failed to litigate a Fourth Amendment claim competently, as here, must prove that "his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

The Idaho Court of Appeals concluded that Piro's claim of ineffective assistance of counsel lacked merit because his counsel could not have presented a successful argument for suppression of the DNA evidence on Fourth Amendment grounds, either in the trial court or on appeal. (State's Lodging D-5, pp. 8, 10.) In reaching that conclusion, the state court determined that Piro did not have a reasonable expectation of privacy in the water bottle or its contents such that the Fourth Amendment protected him from a warrantless "search" of the bottle. (State's Lodging D-5, p. 8.) The court further concluded that Piro's attorneys could not be faulted for failing to assert a novel theory that Piro retained a reasonable expectation of privacy in his genetic identity apart from his interest in the bottle. (State's Lodging D-5, p. 10.) The state court's decision is not contrary to or an unreasonable application of clearly established federal law, nor is it based

on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d).

The United States Supreme Court has declared that "[w]hat a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Katz v. United States*, 389 U.S. 347, 351 (1967). Therefore, the applicability of the Fourth Amendment depends on "whether the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by government action." *Smith v. Maryland*, 442 U.S. 735, 740 (1979) (citations omitted). In other words, the person must show that he had a subjective expectation of privacy in the object of the challenged search and that his expectation is one that society would view as reasonable. *California v. Ciraolo*, 476 U.S. 207, 211 (1987) (citing *Katz*, 389 U.S. at 360 (Harlan, J., concurring)).

Here, Piro was interviewed by police officers after they had taken him into custody on an unrelated lewd conduct charge. During the interview, he accepted an offer of water from one of the officers. Though he later declined to have his cheek swabbed for DNA, he drank freely from the disposable plastic bottle that was given to him. Obviously, he could have chosen not to drink from the bottle. When he was informed that he would be arrested and taken to a holding cell,

**MEMORANDUM DECISION AND ORDER - 9**

officers instructed him to leave the bottle on the table, but he was not holding it at the time and he did not otherwise object. In any event, for security reasons he would not have been allowed to take the bottle with him into the holding cell. On these facts, the Idaho Court of Appeals' reasonably concluded that Piro showed no subjective expectation of privacy in the bottle and its contents, and, even if he had, it would not be one that society would deem to be reasonable given the circumstances. *See, e.g., Commonwealth v. Bly*, 862 N.E.2d 341, 357 (Mass. 2007) (finding no expectation of privacy in cigarette butts and a bottle of water that a jail inmate left in an interview room).

      The Idaho Court of Appeals alternatively discussed whether Piro's attorneys could be faulted for failing to argue more specifically that Piro retained a reasonable privacy interest in his own genetic identity such that police officers were not permitted to develop a genetic code from his saliva without a warrant. In turning aside this argument, the state court noted that "cases that are factually similar to Piro's address only whether a suspect had a reasonable expectation of privacy in the *item* from which the DNA was obtained." (State's Lodging D-5, p. 10.) (Emphasis in original.) The one case that the state court found that did address the issue more directly concluded that "there is no subjective expectation of privacy in discarded genetic material just as there is no subjective expectation of

privacy in fingerprints or footprints left in a public place." *State v. Athan*, 158 P.3d 27, 37 (Wa. 2007). The Idaho Court of Appeals determined that the genetic privacy argument was a novel one, with some case law to the contrary, and counsel could not be ineffective for failing to assert a novel theory without legal support. (State's Lodging D-5, pp. 8-10.)

Piro has now cited no case, and the Court is aware of none, that clearly establishes the legal principle that a person has a reasonable expectation of privacy in genetic or other identifying material after depositing that material in or on an item over which he does not retain a privacy interest. The general rule is that physical characteristics that are knowingly exposed to the public are not subject to Fourth Amendment protection. *See*, *e.g.*, *United States v. Dionisio*, 410 U.S. 1, 9-10 (1973) (voice); *see also United States v. Mara*, 410 U.S. 19, 21 (1973) (handwriting). The *Athan* case cited by the Idaho Court of Appeals is analogous to this case and cuts directly against Piro's claim. But even if a contrary colorable argument could be made, it cannot be said that the Idaho Court of Appeals' adjudication of the constitutional issue is objectively unreasonable. *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (holding that the question under § 2254(d) is not whether the state court's decision is wrong or incorrect, but whether it is unreasonable). Accordingly, Piro is not entitled to relief on his claim of ineffective

assistance of counsel.

Piro also attempts to raise the Fourth Amendment issue as a separate claim in this proceeding. (Docket No. 3, p. 2.) In *Stone v. Powell*, 428 U.S. 465, 481-82 (1976), the Supreme Court held that substantive Fourth Amendment claims generally do not offer relief in federal habeas corpus actions if the petitioner had a full and fair opportunity to develop the issues in state court. Piro had a full and fair opportunity to litigate the issue in the state courts, and the second claim shall be dismissed under the authority of *Powell*.[2]

Based on the foregoing, the Court concludes that Respondent is entitled to judgment as a matter of law. This case shall be dismissed.

## CERTIFICATE OF APPEALABILITY

In the event Piro files a timely notice of appeal from the Court's Judgment, the Court on its own initiative has evaluated the claims within the Petition for suitability for the issuance of a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. A habeas petitioner cannot appeal unless a COA has been issued. 28 U.S.C. § 2253. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be

---

[2] As a practical matter, because the Fourth Amendment issue has been addressed as part of the ineffective assistance of counsel claim, the result of the substantive claim would be the same.

established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

The Court finds that reasonable jurists would not debate the Court's determination that the claims in this case fail under 28 U.S.C. § 2254(d), and no COA shall issue. Piro is advised that he may still seek a COA in the Ninth Circuit Court of Appeals, pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal in this Court.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion fo Leave to File Reply to State's Answer (Docket No. 11) is DENIED, to the extent that it has not been rendered moot by subsequent filings.

IT IS FURTHER ORDERED that Respondent's Motion for Summary Judgment (Docket No. 12) is GRANTED.

IT IS FURTHER ORDERED that Petitioner's Motion for Information (Docket No. 16) is DEEMED MOOT by this Order.

**MEMORANDUM DECISION AND ORDER - 13**

IT IS FURTHER ORDERED that a certificate of appealabilty shall not issue in this case. If Petitioner files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.



DATED: **March 15, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge